

**IT IS ORDERED as set forth below:**

**Date: May 17, 2024**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | CASE NO. |
| **3 KINGS CONSTRUCTION RESIDENTIAL LLC,** | : | |
| | : | **22-10965-PMB** |
| Debtor. | : | CHAPTER 7 |
| | : | |
| **BARNWELL LAW GROUP, P.C.**, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| **GRIFFIN E. HOWELL, III,** Chapter 7 Trustee, | : | |
| | : | |
| Respondent. | : | |

## ORDER DENYING MOVANT'S MOTION TO
## QUASH, AND MOTION FOR PROTECTIVE ORDER

On February 16, 2024, the Chapter 7 Trustee (the "Respondent" or "Trustee") filed his

*Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Production of*

*Documents and Testimony by Deposition* (Docket No. 120)(the "Motion for Examination"), in

which he requests the above-named movant (the "Movant") provide the Trustee with "all evidences of payments made" to the Movant by or on behalf of the Defendants[1] in Adversary Proceeding 23-1007 (the "Adversary Proceeding") and all records concerning the Movant's representation of the Defendants in the Adversary Proceeding. The Trustee states further that the crime-fraud exception to attorney-client privilege is applicable here due to the Defendants continuing and ongoing criminal violations of concealment of assets, false oaths, and money laundering under 18 U.S.C. §§ 152, 1956, and 1957.[2]  The Court entered an *Order Granting Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Production of Documents and Testimony by Deposition* (Docket No. 125) on February 29, 2024.

The same day, the Movant filed a *Motion to Quash and Motion for Protective* (Docket No. 123)(the "Motion to Quash").  In the Motion to Quash, the Movant requests the Court "enter a protective order and quash any related subpoena"[3] to prevent the Trustee from conducting an examination of the Movant pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 2004 as

---

[1] On June 23, 2023, the Trustee filed a complaint against Tony Harris, Sr., Paulamae Harris, Kaytrelle Moore, Tony Harris, Jr., 3 Kings Construction Residential & Commercial Development Inc., 3 Kings Construction Grading & Utilities Inc., 3 Kings Construction Development LLC, 3 Kings Construction Residential & Infrastructure Corporation, 3 Kings Construction Residential Virginia Corporation, All American Infrastructure Company, and All American Equipment Rental & Leasing Inc. (collectively, the "Defendants") containing allegations concerning the systematic withdrawal of hundreds of thousands of dollars of funds of the Debtor by insiders during the post-petition period without Court authority.

[2] The Trustee asserted the Defendants engaged in approximately nine (9) different unlawful activities, including, but not limited to, withholding from the trustee records relating to the property or financial affairs of a debtor, unlawful receipt of the bankrupt's property, and money laundering.

[3] It is not clear whether a subpoena has actually been served on the Movant.  Further, pursuant to its own procedures, *see* BLR 7037-1(e), this Court generally does not permit requests for a protective order without first having a telephonic conference with the Court.  As a result, the Motion to Quash may be premature.  However, rather than deny the Motion to Quash on that basis only to have this same dispute recur, the Court will address it now.

2

requested in the Trustee's Motion for Examination.  As a basis for that request, the Movant asserts that the Motion for Examination should be denied because a Rule 2004 exam is barred by the "pending proceeding rule," the Motion for Examination is for the purpose of harassment, and the crime-fraud exception to attorney-client privilege does not apply or is limited such that a Rule 2004 exam is inappropriate.

Following the Movant's filing of its Motion to Quash, on March 5, 2024, the Court entered its *Order and Notice of In-Person Evidentiary Hearing on Movant's Motion for 2004 Examination and Respondent's Motion to Quash and for Protective Order* (Docket No. 125), which set the Motion to Quash and the Motion for Examination to be heard alongside pleadings filed in the Adversary Proceeding on March 12, 2024 (the "Hearing").[4]  At the Hearing, counsel appeared on behalf of the Movant and counsel appeared on behalf of the Respondent.  Both parties reiterated their positions as set forth in the Motion to Quash and the Motion for Examination, and the Court took the Motion to Quash and the Motion for Examination under advisement.

With respect to other pleadings filed in the Adversary Proceeding, on April 30, 2024, the Court entered its *Order Further Sanctioning Defendants for Contempt by Striking Answers and Entering Defaults* (Adversary Proceeding Docket No. 93)(the "Contempt Order"). In the Contempt Order, the Court struck the Answers[5] filed in the Adversary Proceeding for all of the Defendants,

---

[4] *See Order and Notice Scheduling In-Person Evidentiary Hearing on Plaintiff's Report of Defendants' Non-Compliance*, entered on March 3, 2024 (Adversary Proceeding Docket No. 71).

[5] On July 27, 2023, an *Answer* was filed on behalf of Mr. Harris, 3 Kings Construction Residential & Commercial Development, Inc., 3 Kings Construction Grading & Utilities Inc., 3 Kings Construction Development LLC, 3 Kings Construction Residential & Infrastructure Corporation, and 3 Kings Construction Residential Virginia Corporation (Adversary Proceeding Docket No. 22)(the "Harris Answer"), and then later on September 8, 2023, Defendants Paulamae Harris, Kaytrelle Moore, Tony Harris, Jr., All American Infrastructure Company, and All American Equipment Rental & Leasing, Inc. filed their *Answer* (Adversary Proceeding Docket No. 44)(the "Ms. Harris

except Tony Harris, Jr,[6] noting, among other things, that clear and convincing evidence had been presented that the Defendants were in a continuing state of contempt for their knowing, willful, and persistent misconduct in refusing to turnover the Debtor's records and other property as required by the Bankruptcy Code and as repeatedly ordered by this Court. For the reasons stated below, the Court denies the Motion to Quash.

## Discussion

a. **Legal Standard**

Generally, the scope of a Rule 2004 examination or request for production is "very broad and great latitude of inquiry is ordinarily permitted." *In re Kelton*, 389 B.R. 812, 819-20 (Bankr. S.D. Ga. 2008) (quoting *In re Wilcher*, 56 B.R. 428, 433 (Bankr.N.D.Ill.1985)). Rule 2004 examinations and requests for production are necessarily broad to serve the primary purpose of revealing the nature and extent of a bankruptcy estate, discovering assets, examining transactions, and determining whether wrongdoing has occurred. *Id.* at 820. However, Rule 2004 examinations and requests for production are not without limits, as courts have denied motions for examinations or production requests under Rule 2004 when the movant sought to circumvent the more stringent discovery rules in a pending adversary proceeding, the purpose of seeking discovery under Rule 2004 was to abuse and harass the target of the inquiries, or discovery under Rule 2004 would

---

Answer," collectively, with the Harris Answer, the "Answers").

[6] As of entry of this Order, neither Mr. Harris, Jr., nor any of the other Defendants in the Adversary Proceeding have answered or otherwise responded to the *First Amended Complaint* filed on March 25, 2024 at (Adversary Proceeding Docket No. 81)(the "Amended Complaint"). Thus, Mr. Harris, Jr., like the other Defendants, is in default thereunder to the extent such an answer was required. Further, as noted in the Contempt Order, based on the evidence presented in the Adversary Proceeding, judgment would likely have been entered against the Defendants on many, if not all, of the counts asserted in the Amended Complaint even if the Answers had not been stricken and the Defendants were not in default.

4

impermissibly invade attorney-client privilege. *Id.*; *In re Bakalis*, 199 B.R. 443, 448 (Bankr. E.D.N.Y. 1996).

Considering the relatively broad scope of requests and examinations made under Rule 2004, courts typically limit the use of such when the Rule 2004 examination or production request concerns matters being litigated in a pending adversary proceeding or other similar forum. *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). The "pending proceeding rule" limits the use of Rule 2004 after an adversary proceeding or other litigation has commenced due to concern that a litigant might receive an unfair advantage in litigation because requests for production and examinations under Rule 2004 lack some of the procedural safeguards that exist for discovery conducted in pending litigation. *Id.* at 51. Thus, the relevant inquiry to assess whether the "pending proceeding rule" bars discovery conducted through Rule 2004 is whether a movant seeks to discover evidence related to the pending proceeding. *Id.*

Whether an examination or production of documents under Rule 2004 is sought for the purpose of abuse or harassment is a fact-based inquiry. *See In re Hammond*, 140 B.R. 197, 204-5 (S.D. Ohio 1992) (noting that the evidence was insufficient to support a finding that the Rule 2004 examination was requested to abuse or harass the debtor). Additionally, an examination or request for production under Rule 2004 does not impermissibly invade attorney-client privilege if an exception to privilege, such as the crime-fraud exception, is applicable. *In re Sam Industrias S.A.*, 653 B.R. 196, 210 (Bankr. S.D. Fla.). The crime-fraud exception to attorney client privilege extinguishes attorney-client privilege and the work product doctrine and "applies when (1) a client consults an attorney for advice that will help them in the commission of a fraud or crime, and (2) the communications are sufficiently related to and were made in furtherance of the crime,

5

regardless of whether the scheme was even successful." *Id.* (internal quotations omitted).

Therefore, a party seeking an examination or document production under Rule 2004 must make a *prima facie* case that communications between an attorney and their client were for an unlawful purpose or reflect an ongoing or future unlawful activity. *In re Andrews*, 186 B.R. 219, 222 (Bankr. E.D. Va. 1995). Conclusive proof of the elements of the alleged crime or fraud or evidence that the attorney had knowledge of the offending acts are not required for the exception to apply. *Id.*; *Gutter v. E.I. Dupont de Nemours*, 124 F. Supp. 2d 1291,1298 (S.D. Fla. 2000). The party need only show that the client possessed the requisite intent of committing the crimes alleged, which may be inferred if consistent with the circumstances. *In re Andrews*, 186 B.R. at 222; *In re Bankr. Est. of Norske Skogindustrier ASA*, 633 B.R. 640, 654 (Bankr. S.D.N.Y. 2021).

Ultimately, although the decision to permit Rule 2004 discovery lies in the sound discretion of a court, a party seeking such relief has a burden to show good cause exists for such relief to be afforded. *In re AOG Ent., Inc*, 558 B.R. 98, 108-9 (Bankr. S.D.N.Y. 2016). Whether a party has carried its burden to show good cause is necessarily determined by a totality of the circumstances approach that accounts for all relevant factors. *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008).

b. **Analysis**

Here, the Movant asserts that the Motion for Examination should be denied because a Rule 2004 exam is barred by the "pending proceeding rule," the crime-fraud exception to attorney-client privilege does not apply or is limited, and the Motion for Examination is for the purpose of harassment. However, as outlined below, the Court finds the Movant's assertions inconsistent with the circumstances in this case because (i) with the entry of the Contempt Order the Adversary

Proceeding is no longer "pending" in the relevant sense, (ii) in light of the conduct of the Defendants prior to and in connection with the Adversary Proceeding, the crime-fraud exception to attorney-client privilege applies, and (iii) the Motion for Examination was not filed for the purpose of harassment, such that an examination of or request for production from the Movant under Rule 2004 is appropriate, and the Motion to Quash should be denied.

First, the "pending proceeding rule" no longer applies in this case. As implied by the rule's name, the "pending proceeding rule" cannot apply if no pending proceeding exists in which a movant can seek to discover evidence. *See In re Washington Mut., Inc.*, 408 B.R. at 50. Here, the Contempt Order included the case-dispositive sanction of striking the Answers and entering a default. Thus, there is no longer a pending proceeding through which the Respondent could conduct discovery or materially advance its case, such that the requests as set forth in the Motion for Examination are necessarily brought pursuant to Rule 2004.

Second, the crime-fraud exception to attorney-client privilege applies in this case, such that the Motion for Examination does not impermissibly invade attorney-client privilege. In light of the objections made in the Motion to Quash, the Respondent must make a *prima facie* case that communications between the Movant and the Defendants were for an unlawful purpose or reflect an ongoing or future unlawful activity for the crime-fraud exception to attorney-client privileged to apply. *In re Andrews*, 186 B.R. at 222. Moreover, a showing that the Defendants possessed the requisite intent of the crimes alleged is sufficient to establish a *prima facie* case that communications between the Movant and the Defendants in the Adversary Proceeding were for an unlawful purpose or reflect an ongoing or future unlawful activity. *Id.* Here, in the Motion for Examination, the Respondent has alleged the Defendants in the Adversary Proceeding have

7

engaged in approximately nine (9) different unlawful activities,[7] one (1) of which was withholding from the trustee records relating to the property or financial affairs of a debtor in violation of 18 U.S.C. § 152(9).

In relevant part, 18 U.S.C. § 152(9) provides that a person is in violation thereof when, after the filing of a case under Title 11, the person knowingly and fraudulently withholds from a trustee or other officer of the Court or a United States Trustee entitled to its possession, any recorded information relating to the property or financial affairs of a debtor. Consequently, the Trustee need only prove that the circumstances of this case support the inference that the Defendants possessed the fraudulent intent required by 18 U.S.C. § 152(9) to establish a *prima facie* case that the crime-fraud exception to attorney-client privilege applies. *In re Andrews*, 186 B.R. at 222; *In re Bankr. Est. of Norske Skogindustrier ASA*, 633 B.R. at 654. As noted in the Contempt Order, clear and convincing evidence has been presented that the Defendants, who were represented by the Movant, were in a continuing state of contempt for their knowing, willful, and persistent misconduct in refusing to turnover the Debtor's records and other property as required by the Bankruptcy Code and as repeatedly ordered by this Court. Thus, sufficient evidence has already been produced to support the inference that the Defendants possessed the requisite fraudulent intent of the crime alleged. Consequently, the Respondent has carried its burden of establishing a *prima facie* case that the communications between the Movant and its clients, the Defendants, were for an unlawful purpose or reflect an ongoing or future unlawful activity. *In re*

---

[7] The Court need not assess each of the Movant's varying bases to find that the Movant has carried its burden of showing a *prima facie* case for at least one (1) of the unlawful acts it asserts as a basis for the crime-fraud exception to attorney-client privilege to apply.

*Andrews*, 186 B.R. at 222.  Therefore, the Court finds that the crime-fraud exception to attorney-client privilege does apply.

Last, the circumstances of this case are not indicative of the Motion for Examination being filed for the purpose of harassment.  The Movant's assertion that the Motion for Examination was filed for the purpose of harassment is largely intertwined with the Movant's assertion that the Motion for Examination impermissibly invades attorney-client privilege.  More specifically, the Movant alleges that "the [Respondent's] efforts to invade upon the Adversary Case Defendants' attorney-client privilege in this Bankruptcy Case to advance his interests in the Adversary Case is objective harassment."  As noted above, the circumstances of this matter are such that the Court finds that the crime-fraud exception applies to extinguish attorney-client privilege, which in turn negates the Movant's assertion that the Motion for Examination impermissibly invades attorney-client privilege for the purpose of harassment. *In re Sam Industrias S.A.*, 653 B.R. at 210.

Further, the evidence presented to the Court suggests that the Motion for Examination was filed to assess what property of the Debtor's impermissibly remains in the possession of the Defendants considering their continuing state of contempt for refusing to turn over records and other property belonging to the Debtor.  In other words, the facts of this case are inconsistent with the Movant's assertion that the Motion for Examination was filed for the purpose of harassment. *See In re Hammond*, 140 B.R. at 204-5.  Consequently, the Court finds that the totality of the circumstances of this case are such that the Trustee has carried his burden to show good cause exists to grant the relief requested under Rule 2004 in the Motion for Examination. *In re AOG Ent., Inc*, 558 B.R. at 108-9; *In re Countrywide Home Loans, Inc.*, 384 B.R. at 393.  Accordingly, the Motion to Quash will be denied.

In light of the foregoing, after review of the Motion to Quash, the Motion for Examination, the docket and record in this matter, and the docket and record in the Adversary Proceeding, it is hereby

**ORDERED** that the Motion to Quash is **DENIED**.

The Clerk is further directed to serve a copy of this Order upon the Movant, counsel for the Movant, the Debtor, counsel for the Debtor, the Respondent, counsel for the Respondent, and the United States Trustee.

**[END OF ORDER]**